UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

PATRICIA CORDELL,

                            **Plaintiff,**

     v.                              No. 18-CV-11879

WESTERN CREDIT &                  Jury Demanded
COLLECTION SERVICE, INC.,
KEVIN HARKER,
K V HARKER, INC. d/b/a
COMMUNITY ASSOCIATION LAW GROUP, and
MICHAEL KLAAR,

                           **Defendants.**
───────────────────────────────

### AMENDED COMPLAINT FOR VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT,
### NEW YORK GENERAL BUSINESS LAW § 349, AND
### ABUSE OF PROCESS

#### Introduction

1.    This is an action for actual, statutory and punitive damages, civil penalties, and injunctive relief brought by Plaintiff Patricia Cordell in response to violations by Defendants Western Credit & Collection Service, Inc., Kevin Harker, K V Harker, Inc. d/b/a Community Association Law Group, and Michael Klaar of: the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; New York General Business Law § 349, which prohibits deceptive acts and practices; and abuse of process.

## Jurisdiction and Venue

2.      Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4.      This court has jurisdiction over Western Credit & Collection Service, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of occurred in this District.

5.      This court has jurisdiction over Michael Klaar, the owner and president of Western Credit & Collection Service, Inc., because he regularly conducts and transacts business in this state, and the conduct complained of occurred in this District.

5.      This court has jurisdiction over Kevin Harker because he regularly conducts and transacts business in this state, and the conduct complained of occurred in this District.

6.      This court has jurisdiction over K V Harker, Inc. d/b/a Community Association Law Group because it regularly conducts and transacts business in this state, and the conduct complained of occurred in this District.

5.      Venue is proper in this district under 28 U.S.C. §1391(b) in that the Plaintiff resides in Manhattan, the Defendants transact business here, and the conduct complained of occurred in Manhattan.

6.      More particularly, Defendants unlawfully filed and served an Oregon garnishment writ on a Manhattan resident's employer in Manhattan based upon a small-claims judgment entered in Oregon.

7.      Plaintiff served the Oregon garnishment writ without domesticating the judgment in New York, without using a New York Sheriff or Marshal as is required by New York law, and without first making service upon the Manhattan resident as is required by New York law.

8.      By unlawfully serving the Oregon writ of garnishment on Plaintiff's Manhattan employer – the Metropolitan Museum of Art – Defendants transacted business within the State of New York and subjecting themselves to the jurisdiction of the State of New York.

7.      Moreover, this Court has subject matter jurisdiction under 15 U.S.C. § 1332 because Plaintiff is a citizen of New York, Defendants are citizens of Oregon, and the matter in controversy exceeds the sum or value of $75,000.

8.      Because Defendants unlawfully served their improper out-of-state writ of garnishment in Manhattan on Plaintiff's Manhattan employer and Plaintiff resides in New York County, venue is proper in this District.

9.      Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business here and the conduct complained of occurred in Manhattan.

## Parties

10.    Plaintiff, Patricia Cordell, is a natural person residing in the City, County, and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

11.    Defendant Western Credit & Collection Service, Inc. is a corporation organized and existing under the laws of the State of Oregon.

12.    Western Credit is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

13.    Western Credit has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

14.    Western Credit regularly attempts to collect debts alleged to be due another.

15.    Western Credit uses instrumentalities of interstate commerce and the mails in pursuit of its business, the principal purpose of which is the collection of debts.

16.    The acts of the Western Credit alleged hereinafter were performed by its officers, agents, and employees acting within the scope of their actual or apparent authority.

17.    All references to "Western Credit" herein shall mean Western Credit or an employee, officer, or agent of Western Credit.

18.    Defendant Michael Klaar is the owner and president of Western Credit & Collection Service, Inc.

4

19.     Upon information and belief, Klaar founded Western Credit & Collection Service, Inc. in or about 1980.

20.     Upon information and belief, "Western Credit" is a three-person operation managed, run, supervised, and operated by Klaar.

21.     On the website for Western Credit, "Michael Klaar, Pres." gives the following "Guarantee" on behalf of his company: "We promise to work all angles of every account assigned to us to maximize results. 'Our team is relentless and effective at producing the best recovery rates around.'" A printout of the homepage of Western Credit's website with Mr. Klaar's personal "Guarantee" is attached as Exhibit B.

22.     Klaar is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

23.     Klaar has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

24.     Klaar regularly attempts to collect debts alleged to be due another.

25.     Klaar uses instrumentalities of interstate commerce and the mails in pursuit of his business, the principal purpose of which is the collection of debts.

26.     Defendant Kevin Harker is an attorney licensed to practice law in the State of Oregon.

27.     Harker does not have an office in New York and is not licensed to practice law in New York.

28.     Harker a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

29.     Harker has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

30.     Harker regularly attempts to collect debts alleged to be due another.

31.     The acts of Harker alleged hereinafter were performed by his employees acting within the scope of their actual or apparent authority.

32.     All references to "Harker" herein shall mean Harker or an employee or agent of Harker.

33.     Defendant K V Harker, Inc. ("Harker, Inc.") d/b/a Community Association Law Group is a debt-collection law firm organized and existing under the laws of the State of Oregon.

34.     Harker, Inc. is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

35.     Harker, Inc. has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

36.     No attorney with Harker, Inc. or associated with or of counsel to Harker, Inc. is licensed to practice law in the State of New York.

37.     Harker, Inc. does not have an office in New York.

38.     Harker, Inc. regularly attempts to collect debts alleged to be due another.

39.     The acts of the Harker, Inc. alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

40.     All references to "Harker, Inc." herein shall mean Harker, Inc. or an employee, officer, or agent of Harker, Inc.

## Factual Allegations

41.     On or about May 17, 2010, Plaintiff was involved in a serious accident.

42.     At the time, she was about to start a new job and was without medical insurance.

43.     Because of the accident, she was unable to start the new job and was left with many medical bills that she could not afford to pay.

44.     Plaintiff lost everything.

45.     Western Credit claimed to have purchased one of Plaintiff's medical debts.

46.     Based upon recent telephone calls with Western Credit, Plaintiff believes that the alleged debt may have been for an MRI with "Imaging West."

47.     The alleged debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

48.     As such, the alleged debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

49.     That upon information and belief Western Credit attempted to collect the alleged debt on its own.

7

50.     Then Western Credit retained the services of Harker and Harker, Inc. to attempt to collect the alleged debt from Plaintiff.

51.     Harker and Harker, Inc. were employed by Western Credit to collect the alleged debt.

52.     Harker and Harker, Inc. filed a small claims action against Plaintiff in the Justice Court for the County of Washington, State of Oregon, Case No. S12-310.

53.     Plaintiff has no recollection of being served with a summons or complaint.

54.     Plaintiff believes that a judgment was entered in the Justice Court in Oregon on default.

55.     On or about December 8, 2015, Plaintiff moved to Brooklyn to try to rebuild her life.

56.     On or about June 13, 2016, Plaintiff took a job with the Metropolitan Museum of Art as a security guard.

57.     On or about December 26, 2017, Plaintiff moved to Manhattan.

58.     On October 29, 2018, Harker signed his name on an Oregon Writ of Garnishment.

59.     A copy of the Writ of Garnishment, with Plaintiff's personal identifying information redacted, is attached as Exhibit A.

60.     Harker falsely put down on the Writ of Garnishment that Plaintiff lived at an old address in Sherwood, Oregon.

61.     Harker and Harker, Inc. knew or should have known that as an employee at the Metropolitan Museum of Art in Manhattan, Plaintiff must live in or near New York City and not thousands of miles away in Sherwood, Oregon.

62.     Western Credit knew or should have known that as an employee at the Metropolitan Museum of Art in Manhattan, Plaintiff must live in or near New York City and not thousands of miles away in Sherwood, Oregon.

63.     Because Plaintiff lives in Manhattan, Plaintiff has been unable to obtain a copy of the summons and complaint, the affidavit of service, or any other document in the court file from the Justice Court in Oregon.

64.     Because Plaintiff is a New York resident with a New York employer, Defendants knew or should have known that they had to comply with New York law in first using a New York lawyer to take whatever steps are necessary to domesticate the Oregon judgment in New York.

65.     Only then could a Defendants use a New York lawyer to sign New York garnishment forms and give those New York forms, together with a domesticated New York judgment, to the New York Sheriff or to a New York City Marshal to first make service on Plaintiff and only then, after a 20-day waiting period, make service on Plaintiff's employer.

66.     This mandatory waiting period was established to allow consumers an opportunity to settle, to arrange a voluntary payment plan, or to take action in court, and thereby to allow the consumer to avoid the embarrassment and humiliation of having his or her employer served.

67.     Requiring the involvement of a Sheriff or Marshal also insures that consumers that matters are handled by a licensed and regulated New York official and that consumers are regularly provided with an accounting stating how much they have paid, how those payments have been applied, and how much the consumers have left to pay.

68.     So strong are the protections afforded to consumers when dealing with NYC Marshals that the NYC Department of Investigations has promulgated a 229-page *New York City Marshals Handbook of Regulations* that can be downloaded at https://www1.nyc.gov/assets/doi/downloads/pdf/marshals/NYC_Marshals_Handbook.pdf.

69.     Moreover, because Harker is not a licensed New York attorney or a Debt Collection Agency licensed by the NYC Department of Consumer Affairs and because Western Credit is not a Debt Collection Agency licensed by the NYC Department of Consumer Affairs, Plaintiff does not even have a local licensing body to complain to concerning Defendants' unlawful actions.

70.     Sometime thereafter, Defendants mailed the Oregon Writ of Garnishment on Plaintiff's employer, the Metropolitan Museum of Art in New York City.

71.     The Metropolitan Museum of Art does not have a branch or museum in Oregon.

72.     The Metropolitan Museum of Art does not do business in Oregon or have a presence in Oregon sufficient to assert jurisdiction over the Met in Oregon.

73.     Plaintiff can find no authorization or public filing authorizing the Met to do business in Oregon.

74.     Plaintiff can find no offices or branches of the Met in Oregon.

75.     Defendants' mailing of the Oregon Writ of Garnishment constituted an unlawful communication with Plaintiff's New York employer and abuse of process, not to mention the unlawful practice of law in New York by Defendant Harker.

76.     Without the alleged judgment being domesticated in New York and issuing from a New York attorney, a New York courthouse, and a New York Sheriff or Marshal, Plaintiff has no way of challenging service of the summons and complaint that led to the judgment or of stopping or challenging the unlawful garnishment short of hiring a lawyer to file an action for injunctive relief – as she is doing here – or flying to Oregon.

77.     Shortly after learning of the unlawful garnishment from her employer's payroll department, Plaintiff called Western Credit and asked to speak with Harker.

78.     She was told by a collector on the telephone as follows: "Actually, he's our attorney. He just signs our Writs of Garnishment. He doesn't answer any calls, but I can probably help you."

79.     During every call she had with Western Credit, all of which took place in November or December 2018, Western Credit's telephone collectors falsely represented to Plaintiff that they could garnish her wages based on the Oregon Writ

11

of Garnishment that had been served on her employer and that she could avoid garnishment by working something out.

80.    Western Credit also falsely represented to the payroll department at Plaintiff's employer that it must withhold $200 per pay period based upon the unlawfully served Oregon Writ of Garnishment.

81.    Plaintiff also put the telephone collector on notice of her Manhattan address, but to date, no one has stopped the unlawful garnishment.

82.    In addition, because the Writ of Garnishment was from Oregon, Plaintiff's employer's payroll department advised that it was unfamiliar with the form and that it did not know how much of her payroll to withhold.

83.    Plaintiff's employer's payroll department was unsure whether it had to withhold all her pay for 90 days or 25% of her pay.

84.    Under New York law, even if the judgment were properly domesticated and service of garnishment papers were properly made by a New York attorney using a Sheriff or a Marshal, Defendants could only withhold a maximum of 10% of Plaintiff's gross income and could not reduce Plaintiff's disposable income below $390 a week – or $450 a week as of December 31, 2018.

85.    This fear of having all or even 25% of her wages garnished caused Plaintiff to fear not being able to pay her rent and thereby losing her apartment and being rendered homeless.

86.     She had lost everything once as a result of her accident and now Defendants were threatening to take away what little she had been able to build again.

87.     During her calls with Western Credit, she was also advised that Plaintiff's payroll department would have to utilize the Oregon forms provided by Defendants to calculate what had to be garnished – this was false, because the forms for computation would have to be New York forms.

88.     The actions of Harker and Harker, Inc. set forth above and from Western Credit's admission that Harker's "our attorney. He just signs our Writs of Garnishment. He doesn't answer any calls, but I can probably help you", demonstrate that no attorney conducted a meaningful attorney review before filing and/or sending the Writ of Garnishment attached as Exhibit A.

89.     Upon information and belief, Harker signs whatever Writs of Garnishment Western Credit puts in front of him without the slightest meaningful review.

90.     Otherwise, there is no possible explanation for how or why a lawyer, like Harker, served an Oregon Writ of Garnishment to enforce an Oregon judgment on a consumer who is now employed by the world-famous Metropolitan Museum of Art, which every student knows by high school is located across the country in New York City.

91.     Thus, it is apparent that Defendants use a mechanized computer-driven process to prepare and send letters, summons and complaints, and Oregon

Writs of Garnishment, and most variable information (such as the name of the creditor, the alleged amount due, and the name of the consumer) is inserted into pre-defined "fields" by a word-processor or other computer-driven document assembly software.

92.     The letters, the summons and complaints, and Oregon Writs of Garnishment are then created directly from this electronically stored information.

93.     On information and belief, no attorney meaningfully reviews or authorizes any particular individual letter, summons and complaint, or Oregon Writ of Garnishment before it is sent.

94.     Rather, the only attorney involvement is to review the form of the letter, summons and complaint, or Oregon Writ of Garnishment and to define some general parameters as to the intended recipients.

95.     Based upon the boilerplate representations made in Exhibit A and the fill-in-the-blanks nature of Exhibit A and the admission by Western Credit on the telephone, it is clear that no attorney had personally reviewed the particular circumstances of the alleged collection account (1) before sending Oregon Writ of Garnishment attached as Exhibit A.

96.     The Oregon Writ of Garnishment attached as Exhibit A deceptively purports to be "from an attorney" when in fact the Oregon Writ of Garnishment, which signed by Harker as an attorney, is not from an attorney in any meaningful sense.

97.     No attorney reviews the file or determines the legal validity of the uses of the Oregon Writ of Garnishment before the Writ – in the form of <u>Exhibit A</u> – is sent and, in this case, used to brutalize a woman in New York City and embarrass her before her employer.

98.     Harker and Harker, Inc. are collection agencies masquerading as a lawyer and his law firm, which uses clerical workers at Western Credit, not attorneys, to collect debts using the power and leverage of a law license.

99.     As a result of Defendants' acts Plaintiff Patricia Cordell became embarrassed, humiliated, nervous, upset, anxious, and suffered from emotional distress and fear that she would lose her wages and her apartment, leaving her homeless.

100.    Upon information and belief, all the foregoing actions were taken under the management and supervision of Klaar.

101.    Upon information and belief, all the foregoing actions were taken by Klaar and his "team" as part of Klaar's "Guarantee", as part of his "promise to work all angles of every account assigned to us to maximize results", and as part of Klaar's efforts to ensure that his "'team is relentless and effective at producing the best recovery rates around.'"

## Count I

### Violations of the Fair Debt Collection Practices Act

102.    Plaintiff restates, realleges, and incorporates herein by reference all

foregoing paragraphs as if set forth fully in this Count.

103.    The conduct of Defendants as described in this complaint violated the

Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, as follows:

   i.   Defendants violated 15 U.S.C. §1692c by unlawfully communicating with
        Plaintiff's employer both through the use of the Oregon Writ of
        Garnishment, by telephone, and possibly by other means not yet known
        to Plaintiff;

  ii.   Defendants violated 15 U.S.C. §1692e, e(2), e(4), e(5), e(10), f, and f(1) by
        unlawfully attempting to collect on the Oregon small claims judgment
        without taking any of the required steps to domesticate the judgment, by
        not using a New York lawyer, by not using a New York Sheriff or a New
        York City Marshal, by not having service made upon Plaintiff before
        making service on Plaintiff's employer, and by falsely representing to
        Plaintiff and to her employer that Defendants had the right to garnish
        anything using the unlawfully used and unlawfully served Oregon Writ
        of Garnishment, and by demanding that Plaintiff make a deal or
        Defendants would garnish her wages.

 iii.   Defendants violated 15 U.S.C. §1692e, e(2), e(4), e(5), e(10), e(13), f, and
        f(1), by using Oregon Writ of Garnishment forms instead of using the
        forms mandated by the New York Courts and, instead, falsely
        representing and implying that the Oregon forms were valid legal process
        in New York in order to garnish Plaintiff's wages without going through
        the time and expense of hiring a New York lawyer and domesticating the
        judgment and thereby hoodwinking Plaintiff and her employer into
        believing that the Oregon Writ of Garnishment was valid to collect from a
        New York resident with a New York employer.

  iv.   Defendants violated 15 U.S.C. §1692e, e(2), e(4), e(5), e(10), e(13), f, and
        f(1), by stating in <u>Exhibit A</u> and on the telephone to Plaintiff  and to her
        employer that they would and could garnish Plaintiff's wages using the
        Oregon Writ of Garnishment if she did not pay the alleged debt, and by
        demanding that Plaintiff's employer garnish Plaintiff's wages.

v.   Defendants Harker and Harker, Inc. violated 15 U.S.C. §§ 1692e, -e(3), and –e(10) of the FDCPA by signing, filing and serving computer-generated Oregon Writs of Collection as an attorney, but without any attorney review and thereby abdicating all responsibility to the non-attorney collectors at Western Credit – that is, essentially renting out his law license to the collection agency, while falsely and deceptively holding himself out to Plaintiff as being and acting as a lawyer and being meaningfully involved in the collection of her account; and

vi.   Defendants violated 15 U.S.C. §1692e, e(2), e(4), e(5), e(10), f, and f(1) by falsely representing to the court in Oregon that Plaintiff still lived in Oregon to get the Oregon Writ of Garnishment to be used unlawfully in New York.

104.   As a result of Defendants' acts, Plaintiff Patricia Cordell became embarrassed, humiliated, nervous, upset, anxious, and suffered from emotional distress and fear that she would lose her wages and her apartment, leaving her homeless.

**WHEREFORE**, Plaintiff Patricia Cordell respectfully request that judgment be entered against the Defendants, jointly and severally, for:

(a) Actual damages;

(b) Statutory damages for under 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees under 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## Count II

## Violations of New York General Business Law § 349

105.    Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

106.    Under New York General Business Law ("GBL") § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

107.    Defendants' preparation and use of preprinted Oregon Writs of Garnishment to collect on consumers who have moved to other states and are employed by employers who are not in Oregon, while falsely representing that those consumers still live in Oregon, all while not domesticating the judgment or complying with the garnishment laws of the states in which the consumers reside, or even being admitted to practice law in the target state.

108.    Given the proximity of Oregon to Washington State, it is unlikely that Defendants have not used these unlawful practices before.

109.    In other words, Defendants do not care (a) where the consumer lives at the time of collection-enforcement, or (b) whether Defendants have an obligation to comply with local wage-garnishment laws, or (c) even whether the jurisdiction in which Defendants are trying to garnish wages requires service of such an important document as a wage garnishment notice to be made by an official like a County Sheriff or a City Marshal.

110.    Defendants' actions as set forth above violated GBL § 349 by falsely and deceptively using the Oregon Writ of Garnishment and by stating to Plaintiff and her employer that the Oregon Writ of Garnishment was a valid document in New York and had any legal effect in New York and that Defendants could do anything to garnish Plaintiff's wages without first hiring a local attorney to domesticate the Oregon judgment and then going through all of the steps necessary to garnish wages in New York under New York law.

111.    As a result of Defendants' acts, Plaintiff Patricia Cordell became embarrassed, humiliated, nervous, upset, anxious, and suffered from emotional distress and fear that she would lose her wages and her apartment, leaving her homeless.

112.    By and through their acts, omissions, concealments, and misrepresentations, Defendants violated GBL §§ 349 with materially misleading and consumer-oriented deceptive acts and practices, with a broad impact on consumers at large, and have done so knowingly or willfully.

113.    Plaintiff was and is suffering irreparable injury as a result of Defendants' decision to garnish her wages without domesticating the judgment and taking the necessary steps to garnish wages under New York law.

114.    She cannot afford to hire a lawyer in Oregon to vacate the underlying judgment, which she has no recollection of having been served with.

115.    If Defendants are allowed to unlawfully garnish her wages in New York using the Oregon Writ of Garnishment, she will not have enough funds with which to pay her rent and she will lose her exceedingly modest SRO apartment.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor against Defendants, awarding damages as follows:

(A) Civil penalties as provided under New York General Business Law § 349;

 (B) Actual damages provided under New York General Business Law § 349;

(C) Punitive damages as provided under New York General Business Law § 349;

(D) Injunctive relief prohibiting Defendants from taking any collection actions against Plaintiff or instituting any wage-garnishment proceedings against Plaintiff without first domesticating the Oregon judgment and complying with New York wage-garnishment laws;

(E) Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

(F) Any other relief this Court deems appropriate and just.

## Count III

## Abuse of Process

116.    Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

117.    Defendants engaged in abuse of process by intentionally filing and serving an Oregon Writ of Garnishment on Plaintiff's New York employer without domesticating the judgment or taking any of the steps necessary to effectuate wage-

garnishment on a New York resident with a New York employer, for the purpose of garnishing wages while forcing consumers, like Plaintiff, to hire local counsel and travel far to the distant forum of Oregon to stop the garnishment or to hire counsel to open local cases in New York Supreme Court to seek injunctive relief.

118.    Defendants have taken these actions with respect to Cordell and to other consumers who allegedly owe money to Western Credit.

119.    Defendants have perverted legal process by taking the actions described above of unlawfully filing these unfair, deceptive, unconscionable and unlawful garnishment actions in distant forums for the purpose of obtaining the collateral objective of unlawfully obtaining gaining an unfair and unlawful advantage by forcing consumers, like Cordell, to hire local counsel in Oregon and travel far to unlawful distant forums to defend themselves against garnishment or hire local attorneys in New York to open cases in New York Supreme Court to try to seek injunctive relief against the enforcement of judgments that haven't been domesticated and garnishment-documents that are being unlawful used.

120.    Plaintiff has been and is being damaged by Defendants' practices.

121.    Defendants engaged in the practices complained of for the purpose of injuring and taking advantage of consumers.

122.    Plaintiff was and is suffering irreparable injury as a result of Defendants' decision to garnish her wages without domesticating the judgment and taking the necessary steps to garnish wages under New York law.

123.    She cannot afford to hire a lawyer in Oregon to vacate the underlying judgment, which she has no recollection of having been served with.

21

124.    If Defendants are allowed to unlawfully garnish her wages in New York using the Oregon Writ of Garnishment, she will not have enough funds with which to pay her rent and she will lose her exceedingly modest SRO apartment.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor against Defendants, awarding damages as follows:

(A) Actual damages;

(B) Nominal damages;

(C) Punitive damages;

(D) Injunctive relief prohibiting Defendants from taking any collection actions against Plaintiff or instituting any wage-garnishment proceedings against Plaintiff without first domesticating the Oregon judgment and complying with New York wage-garnishment laws;

(E) Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

(F) Any other relief this Court deems appropriate and just.

## Jury Demand

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 15, 2019

/s/ Brian L. Bromberg
Brian L. Bromberg
Bromberg Law Office, P.C.
*Attorneys for the Plaintiff*
26 Broadway, 21st Floor
New York, NY 10004
Tel: (212) 248-7906
Fax: (212) 248-7908
Email: brian@bromberglawoffice.com